NO. 07-09-00310-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 17, 2010

TOM MONROE SCOTT, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A15059-0308; HONORABLE ROBERT W. KINKAID JR., JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Pursuant to a plea bargain appellant, Tom Monroe Scott, entered a guilty plea to the offense of possession of child pornography on November 24, 2003. As part of the plea bargain, appellant was sentenced to ten years in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) with the confinement suspended. Appellant was placed on community supervision probation for a period of ten years and a fine of $5000 was assessed against him, to be paid in monthly installments during the term of the community supervision. On July 17, 2009, the State filed a motion to revoke appellant's community supervision. The motion alleged that appellant had failed to

report as directed, failed to pay his fine, court costs, and attorney fees as directed, failed to pay his community supervision fees as directed, failed to complete his community service hours as directed, failed to refrain from the use of the internet at his residence, failed to pay his monthly sexual assault program fees, and failed to refrain from the possession of a desktop or laptop computer. Appellant entered a plea of not true to the allegations and on August 27, 2009, the trial court conducted a hearing on the State's motion to revoke appellant's community supervision. After hearing the evidence, the trial court revoked appellant's community supervision and sentenced appellant to serve the original term of ten years in the ID-TDCJ. It is from this judgment that appellant appeals. We affirm the trial court's judgment.

Appellant's attorney has filed an Anders brief and a motion to withdraw. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). In support of his motion to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion, the record reflects no reversible error upon which an appeal can be predicated. Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial court's judgment. Additionally, counsel has certified that he has provided appellant a copy of the Anders brief and motion to withdraw and appropriately advised appellant of his right to file a *pro se* response in this matter. Stafford v. State, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991). The court has also advised appellant of his right to file a *pro se* response. Appellant has not filed a response.

2

By his Anders brief, counsel raised a ground that could possibly support an appeal, but concludes the appeal is frivolous. We have reviewed this ground and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We have found no such arguable grounds and agree with counsel that the appeal is frivolous.

Accordingly, counsel's motion to withdraw is hereby granted and the trial court's judgment is affirmed.[1]

Mackey K. Hancock
Justice

Do not publish.

---

[1] Counsel shall, within five days after this opinion is handed down, send his client a copy of the opinion and judgment, along with notification of appellant's right to file a *pro se* petition for discretionary review. See TEX. R. APP. P. 48.4.